IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| **TERESA GIPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02440-SHM-atc |
| | ) | |
| LVNV Funding, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DECLINING TO DISMISS CASE SUA SPONTE FOR WANT OF PROSECUTION AND DIRECTING PARTIES TO PREPARE PROPOSED SCHEDULING ORDER**

Teresa Gipson sues LVNV Funding, LLC for alleged violations of the Tennessee Consumer Protection Act of 1977, Tenn. Ann. Stat. §§ 47-18-101, *et seq.*, and the Fair Debt Collection Practices Act, 14 U.S.C. §§ 1692, *et seq.* (2011). (ECF No. 1-1.)

Defendant removed the case to this Court on July 1, 2021. (ECF No. 1.) Boyd Gentry entered an appearance on behalf of Defendant on October 3, 2023. (ECF No. 6.) On June 27, 2024, the Court filed an Order to Show Cause as to Why the Action Should Not Be Dismissed for Want of Prosecution, noting that no action had been taken in nine months. (ECF No. 7.)

On June 28, 2024, Kevin A. Snider entered what he characterized as an appearance on Plaintiff's behalf and filed a response requesting a scheduling conference, scheduling order, and

trial date. (ECF Nos. 8, 9.) On July 23, 2024, the Court denied Plaintiff's request because her response did not address the reason she had taken no action during the three years since the removal. (ECF No. 10.) The Court issued a second Order to Show Cause Why Action Should Not Be Dismissed for Want of Prosecution. (Id.)

Plaintiff responded on July 24, 2023, asserting that she was waiting for the Court to set a scheduling conference and had attributed the Court's delay to the effects of the COVID-19 pandemic. (ECF No. 11.)

On July 31, 2024, the Court issued an Order Directing Defendant to Reply to Plaintiff's Response to the Order to Show Cause, addressing whether Defendant would be prejudiced if the case proceeded. (ECF No. 12.) Defendant replied on August 14, 2024, representing that it "expects that it may suffer undue prejudice" if the matter continues. (ECF No. 13 at 1.) Defendant explains that Plaintiff's claim alleges that individuals employed by Defendant made various misrepresentations, but that Plaintiff has not identified the precise misrepresentations or who witnessed them. (Id.) Without more precise information, Defendant asserts, it cannot predict the exact effect that the "unusual passage of time" may have on its ability to develop its case, but that, "Defendant expects that witness memory will have faded." (Id.)

**I.    Standard of Review**

It is "well-settled" that a district court can sua sponte dismiss a lawsuit for failure to prosecute. Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013.) Although the Supreme Court has opined that there is "no merit to the contention that dismissal of a petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client," the Sixth Circuit has emphasized the harshness of dismissing a client's case based on her attorney's conduct alone. Id. (quoting Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). The Sixth Circuit has held that "dismissing a plaintiff's case with prejudice deprives a plaintiff of his day in court due to the inept actions of his counsel" and that "dismissal is usually inappropriate where the neglect is solely the fault of the attorney." Id. (internal citations, quotation marks omitted). The Sixth Circuit considers the following four factors when deciding whether a case has been properly dismissed for failure to prosecute:

> "(1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; (4) whether less drastic sanctions were imposed or considered before dismissal of the action." Id. (internal citations omitted)

**II. Analysis**

The factors in <u>Carpenter</u> weigh against dismissing this case for want of prosecution. 723 F.3d at 704. First, courts have found a party at fault for failing to prosecute where there is a "clear record of delay or contumacious conduct," showing that the party is "perverse in resisting authority" and "stubbornly disobedient." <u>Id.</u> (internal citations, quotation marks omitted).

After being twice ordered to show cause, Plaintiff's only explanation for the three-year delay between the removal of this case to federal court and any additional filings on her part is that she was waiting for the Court to act. (ECF No. 11.) Although Plaintiff represents that she believed the Court's alleged delay was attributable to the COVID-19 pandemic, the Western District of Tennessee held video and telephone proceedings as well as in-person proceedings throughout the pandemic. See, e.g., In re: Continued Court Operations Under the Exigent Circumstances Resulting from COVID-19 Outbreak, W.D. Tenn. Admin. Order No. 2020-26. Plaintiff does not explain how any public health restrictions would have prevented her from communicating with the Court to establish a scheduling order or conduct a scheduling conference. Nevertheless, the record does not show, nor does Defendant allege, that Plaintiff was willfully delaying the case.

Second, Defendant has not shown that it will be prejudiced by proceeding with this case. Defendant's only actions have been to

4

remove the case from federal court and file a notice of appearance. (ECF Nos. 1, 6.) Defendant has not "wast[ed] time, money, and effort in pursuit of [plaintiff's] cooperation." Carpenter, 723 F.3d at 707. Defendant's vague allegation that witnesses' memories may have faded is insufficient to demonstrate prejudice. Id. (opining that, although defendant "asserts that delays will make it difficult to secure relevant records and witnesses with sufficient memory of the events at issue, these assertions are unsupported by any specific details or evidence.")

As to the third and fourth factors, although Plaintiff has had notice of potential dismissal, she has cooperated fully with the Court's prior Orders to Show Cause. When the Court gave Plaintiff notice that it was considering dismissal for want of prosecution, Plaintiff responded within 24 hours. (ECF Nos. 7-11.) The Court has not considered sanctions short of dismissal.

Based on these four factors, the Court finds it would be unjustified to deny Plaintiff her day in Court based on her attorney's failure to pursue this case zealously. Even "inept, improper, and unprofessional" conduct would rarely justify the "harsh sanction" of dismissal. That is not present here, and the Court finds that dismissal is not warranted. Carpenter, 723 F.3d at 704.

**III. Conclusion**

The Court declines to dismiss this case for want of prosecution. The parties are directed to submit a proposed scheduling order, in compliance with Local Rule 16.2, within fourteen (14) days of the entry of this Order. The Court's case manager will schedule the case in consultation with the parties' counsel.

SO ORDERED this <u>24th</u> day of February, 2025.

                                    <u>/s/ Samuel H. Mays, Jr.</u>
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE